## WORCESTER ROYAL PORCELAIN CO. *v.* UNITED STATES

**No. 6321.**—Invoice dated Worcester, England, August 20, 1941.
      Certified September 5, 1941.
      Entered at Los Angeles, Calif., October 25, 1941.
      Entry No. 1344.

(Decided August 15, 1946)

*Fred Bennett* for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, subject to the approval of the court, that the merchandise consisting of chinaware and the issue in the above-mentioned reappraisement are the same in all material respects as the merchandise and issues decided in *United States* v. *William S. Pitcairn Corp.,* Customs Appeal 4513, C. A. D. 334, and that the record in said case may be incorporated herein.

It is further stipulated and agreed that the appraised value of the merchandise consisting of chinaware involved in the above-mentioned reappraisement, less the addition made by the importer on entry because of advances by the appraiser in similar cases, is equal to the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that the foreign value of such or similar merchandise is no higher.

It is further stipulated and agreed that this case may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the chinaware here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases. Insofar as the appeal relates to all other merchandise it is hereby dismissed.

Judgment will be rendered accordingly.